# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

FERNANDO MADRIGAL, a/k/a "Nando,"

ALVARO REINA CORDERO, a/k/a "G-Boy," and

OSCAR GUADRON DIAZ, a/k/a "Cutty,"

DEFENDANT(S).

---

## SUPERSEDING INDICTMENT

18 U.S.C. § 1962(d) – Racketeering Conspiracy;
18 U.S.C. § 924(j)(1) – Use of a Firearm in Furtherance of a Crime of Violence Resulting in Death;
18 U.S.C. § 924(c) – Discharge of a Firearm During and in Furtherance of a Crime of Violence;
18 U.S.C. § 922(o) – Possession of a Machinegun;
18 U.S.C. § 2 – Aiding and Abetting;
18 U.S.C. §§ 924(d) and 1963 and 28 U.S.C. § 2461(c) – Forfeiture Allegation

---

A true bill.

/s/ Foreperson of the Grand Jury

                                                              Foreman

Filed in open court this ___3rd___ day of December, 2020

_Susan van Keul_      Clerk

Bail, $ _____     No process as to Madrigal
No bail arrest warrant as to Reina Cordero and Guadron Diaz

DAVID L. ANDERSON (CABN 149604)
United States Attorney

FILED

DEC -3 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>FERNANDO MADRIGAL,<br>  a/k/a "Nando,"<br>ALVARO REINA CORDERO,<br>  a/k/a "G-Boy," and<br>OSCAR GUADRON DIAZ,<br>  a/k/a "Cutty,"<br><br>  Defendants | CASE NO. 3:20-CR-00328-WHO<br><br>VIOLATIONS:<br>18 U.S.C. § 1962(d) – Racketeering Conspiracy;<br>18 U.S.C. § 924(j)(1) – Use of a Firearm in Furtherance of a Crime of Violence Resulting in Death;<br>18 U.S.C. § 924(c) – Discharge of a Firearm During and in Furtherance of a Crime of Violence;<br>18 U.S.C. § 922(o) – Possession of a Machinegun;<br>18 U.S.C. § 2 – Aiding and Abetting;<br>18 U.S.C. §§ 924(d) and 1963 and 28 U.S.C. § 2461(c) – Forfeiture Allegation<br><br>SAN FRANCISCO VENUE |

## SUPERSEDING INDICTMENT

The Grand Jury charges, with all dates approximate and all date ranges approximate and inclusive, that at all times relevant to this Superseding Indictment:

<u>Introductory Allegations</u>

1. The San Francisco Mission District ("SFMD") Norteños was a criminal street gang that operated in San Francisco's Mission District. SFMD Norteños claimed the area along the 24th Street

corridor, between Mission Street and Potrero Street. The gang most commonly used the phrases and symbols "Norte," "24," "14," and the color red to identify itself. The number "14" represents the letter "N," which is the fourteenth letter of the alphabet; the letter "N," in turn, is a reference to Norteños or the Nuestra Familia ("NF"), the umbrella prison gang that encompasses the Norteño street cliques. The SFMD Norteños, as an enterprise, includes individual street cliques, which operate together in the Mission District of San Francisco. Three such cliques are Locos North Side, or LNS; 22nd and Bryant Street, or 22B or Bryant Street Locos; and Shotwell or Shotty Block. The alliance between 22B and LNS often refer to each other together with the symbol "BSLNS."

2. The number 14 and these other symbols and phrases are commonly, though not universally, displayed by SFMD Norteño criminal street gang members in tattoos, graffiti, drawings, hand signs, and on clothing as a way of displaying their affiliation, loyalty, and commitment to the gang. SFMD Norteño gang members also show their affiliation by displaying "22" for 22B, 24 for LNS (which claims as territory blocks along 24th Street), and "224" to show the alliance between 22B and LNS. Some SFMD Norteño gang members have one or more tattoos that reflect gang affiliation. Common tattoos include four dots and the Mayan 14 (two bars and four dots), words and symbols that refer to the Mission District of San Francisco, particular cliques, and Norteños in general, and memorial references to former SFMD Norteños who have been killed. Additionally, some SFMD Norteños have admitted their gang membership to law enforcement, on social media, or in the court system.

3. The primary rivals of the SFMD Norteños were the Sureño and Army Street criminal street gangs. Sureños recognized the primacy of the Mexican Mafia prison gang, doing the bidding and following orders of the Mexican Mafia members. Sureños claimed the area between roughly 16th through 20th Streets along Mission Street. For symbols, they claimed the color blue and the number 13 (M is the 13th letter of the alphabet). Army Street was a separate gang and did not report up to another organization or enterprise. Army Street claimed the area around the Bernal Dwellings housing project (26th Street between Folsom and Harrison Streets) as its territory. As symbols, Army Street claimed camouflage, the color green, and the number 26.

4. SFMD Norteños meet and work together to carry out illegal activities for the benefit of SFMD Norteños and its membership, and also to benefit, more generally, the Norteños and the NF.

SFMD Norteños fight with other street gangs for control of territory from which they conduct drug trafficking and other crimes, and recruit and intimidate non-gang members. SFMD Norteños engage in acts of violence and intimidation to control lucrative illegal activities, to claim or maintain established territory, to retaliate against a rival gang or suspected rival gang member, to gain notoriety and respect, to dissuade potential victims and witnesses from reporting crime or cooperating with law enforcement, to discipline fellow gang members, and to send a message to others that they are strong, powerful, and not to be provoked.

5. SFMD Norteños are expected to uphold a reputation for being strong and powerful in order, in part, to prevent other gangs from challenging and assaulting its members and taking over its territory. SFMD Norteños also take steps to increase their membership in order to maintain their survival, expand their strength, and continue functioning as an organization on the streets. Having a reputation for being weak would result in other gangs challenging and assaulting its members and attempting to take over its territory. Instead, SFMD Norteños strive to have a large membership and a reputation for being strong, powerful, and dominant, so that rival groups will be reluctant to challenge it and victims/witnesses will think twice about assisting authorities with any prosecution attempt against it.

6. SFMD Norteños members earn promotion, rise in rank, and obtain prestige by committing criminal acts that benefit the gang and by spending time in jail or prison. SFMD Norteños engage in acts of violence, including acts involving murder and assault, against their rivals and, at times, fellow Norteños considered to have violated the gang's rules. SFMD Norteños also traffic in controlled substances and illegally possess firearms. Violence is often the quickest way to earn prestige for the individual gang member.

The Racketeering Enterprise: The SFMD Norteños

7. The SFMD Norteños, including its leadership, members, and associates, in the Northern District of California, constitutes an "enterprise" as defined in Title 18, United States Code, Sections 1961(4) and 1959(b)(2), that is, a group of individuals associated in fact, which is engaged in, and the activities of which affect, interstate and foreign commerce. The SFMD Norteños, also referred to herein as the SFMD Norteño Enterprise or the Enterprise, constitutes an ongoing organization whose members function as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

### Purposes of the Enterprise

8. The purposes of the SFMD Norteño Enterprise included the following:

   a. Preserving and protecting the power, territory, reputation, and profits of the Enterprise through the use of intimidation, violence, threats of violence, assault, and acts involving murder;

   b. Promoting and enhancing the Enterprise and the activities of its members and associates through acts involving murder and robbery, trafficking controlled substances, and other criminal activities;

   c. Keeping rival gang members, potential informants and witnesses against the Enterprise, other victims and potential victims, fellow gang members, and community members in fear of the Enterprise and its members and associates through violence and threats of violence; and

   d. Protecting the Enterprise's members and associates who committed crimes by hindering, obstructing, and preventing law enforcement officers from identifying the offenders, apprehending the offenders, and successfully prosecuting and punishing the offenders.

9. At all times relevant to this Superseding Indictment, the SFMD Norteños, the above-described enterprise, through its leaders, members, and associates engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is: multiple acts involving murder, chargeable under California Penal Code Sections 187, 188, 189, 182, 31, 21a, and 664; multiple offenses involving drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and multiple acts involving robbery, in violation of California Penal Code §§ 211, 212, 212.5, 213, 182, 21a, and 664.

### The Defendants

10. At all times relevant to this Superseding Indictment, FERNANDO MADRIGAL, a/k/a "Nando," ALVARO REINA CORDERO, a/k/a "G-Boy," and OSCAR GUADRON DIAZ, a/k/a "Cutty," were members and associates of the SFMD Norteño Enterprise. Each defendant, as a member or associate of the Enterprise, acted individually, and also with other members and associates of the SFMD Norteño Enterprise in the commission of racketeering activities and other criminal conduct. Among other activities taken in furtherance of the Enterprise, the defendants, along with other

Enterprise members and associates, killed suspected rivals gang members.

COUNT ONE: (18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity)

The Racketeering Conspiracy

11. The allegations contained in paragraphs 1 through 10 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

12. Beginning on a date unknown to the Grand Jury, but no later than 2017, and continuing up through and including the present, in the Northern District of California and elsewhere, the defendants,

> FERNANDO MADRIGAL, a/k/a "Nando,"
>
> ALVARO REINA CORDERO, a/k/a "G-Boy," and
>
> OSCAR GUADRON DIAZ, a/k/a "Cutty,"

together with other individuals known and unknown, each being a person employed by and associated with the SFMD Norteño Enterprise, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, knowingly, and willfully conspired to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the SFMD Norteño Enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of:

   a. multiple acts involving murder, chargeable under California Penal Code Sections 187, 188, 189, 182, 31, 21a, and 664;

   b. multiple offenses involving drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and

   c. multiple acts involving robbery, chargeable under California Penal Code Sections 211, 212, 212.5, 213, 182, 31, 21a, and 664.

It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

SUPERSEDING INDICTMENT     5

## Means and Methods of the Conspiracy

13. The means and methods by which the defendants and other members and associates of SFMD Norteños conducted and participated in the conduct of the affairs of the SFMD Norteños included, but were not limited to:

   a. Members and associates of the SFMD Norteño Enterprise agreed that acts of violence, including premeditated and deliberate murder, would be committed by members and associates of the SFMD Norteño Enterprise against rival gang members and others when it furthered the status and goals of the Enterprise. Specifically, members and associates armed themselves with firearms and agreed to "hunt" and kill rival gang members. Members and associates also targeted individuals viewed as traitors to the Enterprise and anyone else who was perceived as challenging the authority or interests of the Enterprise or its members and associates. Such violence was in service of the Enterprise in that it reinforced the Enterprise's status and sent a message to its own members and associates, and to rival criminal organizations, that the Enterprise was not to be challenged.

   b. Members and associates of the SFMD Norteño Enterprise further agreed that members and associates of the SFMD Norteño Enterprise would engage in illicit activities intended to provide financial benefit to the Enterprise and its members, including distributing controlled substances, trafficking controlled substances, and trafficking firearms in certain areas of San Francisco County. Sales of controlled substances and firearms, at times, occurred in areas outside the Northern District of California and outside of the State of California. Specifically, members and associates of the Enterprise acquired controlled substances from suppliers, prepared those controlled substances for distribution, and sold the controlled substances. Additionally, members and associates of the Enterprise obtained or built firearms, which they then sold. At times, portions of the profits from these controlled substances sales were shared with other members and associates of the Enterprise and used to acquire firearms. Profitability from such activity increased one's status in the Enterprise.

   c. Members and associates of the SFMD Norteño Enterprise used landline telephones, mobile telephones, text messaging, email, social media applications, other messaging applications, and other modes of communication, to plan and commit crimes on behalf of the enterprise, including murder, extortion, trafficking controlled substances, illegal possession of firearms, robbery,

SUPERSEDING INDICTMENT              6

assault, and other crimes, and to conceal these criminal activities by obstructing justice, threatening or intimidating witnesses, and other means. Members of the gang also sought to raise the gang's public profile and promote its influence by posting photographs on social media of gang members displaying gang signs, and by vandalizing public and private property with gang graffiti.

## Overt Acts

14. In furtherance of the conspiracy and to achieve the objectives of the conspiracy, the defendants and other members and associates of the SFMD Norteños, and others known and unknown, performed and caused to be performed the following overt acts, among others, in the Northern District of California and elsewhere:

15. On or about January 23, 2018, ALVARO REINA CORDERO, a/k/a "G-Boy," and OSCAR GUADRON DIAZ, a/k/a "Cutty," together with others known and unknown, murdered Victim-1 and attempted to murder Victim-2. This murder and attempted murder occurred near the intersection of Leese Street and Richland Avenue in San Francisco, California. Multiple shots were fired during this incident, which occurred at approximately 5:11 pm with vehicle traffic and other pedestrians in the area. REINA CORDERO and GUADRON DIAZ targeted Victim-1 because they believed he associated with the rival Sureño gang. Victim-2 suffered a gunshot wound to the face but survived.

16. On or about July 12, 2018, FERNANDO MADRIGAL, a/k/a "Nando," together with others known and unknown, murdered Victim-3. On July 12, 2018, Victim-3's car was located unattended near Candlestick Park in San Francisco, California. Days later, Victim-3's cell phone was recovered near the San Mateo Bridge, with blood on the cell phone's case. Victim-3, however, was not found until February 12, 2020, when tree trimmers found human remains in a wooded area in Oakland, California. Not all of the bones were found initially, and in fact, the skull was not found until on or about March 25, 2020. DNA comparisons determined that the human remains and skull were Victim-3. Based on information from Victim-3's cell phone, MADRIGAL arranged to meet Victim-3 at Candlestick Park on July 12, 2018, claiming he wanted to buy marijuana from Victim-3.

17. On or about July 8, 2019, FERNANDO MADRIGAL, a/k/a "Nando," together with others known and unknown, shot and killed Victim-4. This murder occurred just after midnight near the intersections of 24th and Capp Streets, approximately two blocks from the 24th Street Mission BART

station, in San Francisco, California. Police identified 15-year old Victim-4 by a student identification card in his pocket and determined that he lived in the area claimed by Army Street. MADRIGAL targeted Victim-4 because he believed Victim-4 was associated with Army Street. Nine rifle casings were recovered from the scene. Immediately after the murder on July 8, 2019, MADRIGAL and others known and unknown drove to the Bernal Dwellings Apartments claimed by Army Street and fired another shot from the same gun used in the murder before leading San Francisco Police Department officers on a high-speed chase on Highways 101 and 280 before getting away in the vicinity of John Daly Boulevard.

## NOTICE OF SPECIAL SENTENCING FACTORS

Number 1: Murder Conspiracy

18. Beginning on a date unknown, but no later than 2017, and continuing up through and including the present, in the Northern District of California, the defendants,

FERNANDO MADRIGAL, a/k/a "Nando,"

ALVARO REINA CORDERO, a/k/a "G-Boy," and

OSCAR GUADRON DIAZ, a/k/a "Cutty,"

together with others known and unknown to the Grand Jury, unlawfully, knowingly, and willfully conspired to commit murder, in violation of California Penal Code Sections 187, 188, 189, and 182, that is, the defendants agreed together and with each other to kill, with malice aforethought, actual and suspected members of rival gangs, individuals suspected of cooperating with law enforcement, and individuals who defied the will of the SFMD Norteños.

Number 2: January 23, 2018 Murder of Victim-1 and Attempted Murder of Victim-2

19. On or about January 23, 2018, in the Northern District of California, the defendants,

ALVARO REINA CORDERO a/k/a "G-Boy," and

OSCAR GUADRON DIAZ a/k/a "Cutty,"

together with others known and unknown, each aided and abetted by the other, did unlawfully, knowingly, and willfully, with deliberation and premeditation, and with malice aforethought, murder Victim-1, in violation of California Penal Code Sections 187, 188, 189, and 31, and did unlawfully,

knowingly, and willfully, with deliberation and premeditation, and with malice aforethought, attempt to kill Victim-2, in violation of California Penal Code Sections 187, 188, 189, 21a, 31, and 664.

Number 3: July 12, 2018 Murder of Victim-3

20. On or about July 12, 2018, in the Northern District of California, the defendant,

FERNANDO MADRIGAL, a/k/a "Nando,"

with others known and unknown, each aided and abetted by the other, did unlawfully, knowingly, and willfully, with deliberation and premeditation, and with malice aforethought, murder Victim-3, in violation of California Penal Code Sections 187, 188, 189, and 31.

Number 4: July 8, 2019 Murder of Victim-4

21. On or about July 8, 2019, in the Northern District of California, the defendant,

FERNANDO MADRIGAL, a/k/a "Nando,"

with others known and unknown, each aided and abetted by the other, did unlawfully, knowingly, and willfully, with deliberation and premeditation, and with malice aforethought, murder Victim-4, in violation of California Penal Code Sections 187, 188, 189, and 31.

All in violation of Title 18, United States Code, Section 1962(d).

COUNT TWO:   (18 U.S.C. §§ 924(j)(1) and 2 – Use of a Firearm in Furtherance of a Crime of Violence Resulting in Death of Victim-1)

22. The allegations contained in paragraphs 1 through 10 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

23. On or about January 23, 2018, in the Northern District of California, for the purpose of maintaining and increasing position in the SFMD Norteños, an enterprise engaged in racketeering activity, the defendants,

ALVARO REINA CORDERO, a/k/a "G-Boy," and

OSCAR GUADRON DIAZ, a/k/a "Cutty,"

together with others known and unknown, each aided and abetted by the other, did unlawfully, knowingly, and willfully, with deliberation and premeditation, and with malice aforethought, murder Victim-1, in violation of California Penal Code Sections 187, 188, 189, and 31, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

SUPERSEDING INDICTMENT                              9

24. On or about January 23, 2018, in the Northern District of California, the defendants,

ALVARO REINA CORDERO, a/k/a "G-Boy," and

OSCAR GUADRON DIAZ, a/k/a "Cutty,"

together with others known and unknown, each aided and abetted by the other, committed a violation of Title 18, United States Code, Section 924(c), that is, unlawfully and knowingly, used and carried a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the Murder in Aid of Racketeering (Title 18, United States Code, Sections 1959(a)(1) and 2, as set forth above) of Victim-1, and unlawfully and knowingly possessed a firearm in furtherance of such crime, and in the course of such violation, caused the death of Victim-1 through the use of a firearm, which killing was first degree murder as defined in Title 18, United States Code, Section 1111(a).

All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

COUNT THREE:  (18 U.S.C. §§ 924(c)(1)(A) and 2 - Discharge of a Firearm in Furtherance of the Attempted Murder of Victim-2)

25. The allegations contained in paragraphs 1 through 10 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

26. On or about January 23, 2018, in the Northern District of California, for the purpose of gaining entrance to and maintaining and increasing position in the SFMD Norteños, an enterprise engaged in racketeering activity, the defendants,

ALVARO REINA CORDERO, a/k/a "G-Boy," and

OSCAR GUADRON DIAZ, a/k/a "Cutty,"

together with others known and unknown to the Grand Jury, each aided and abetted by the other, did unlawfully, knowingly, and willfully, with deliberation and premeditation, and with malice aforethought, attempt to murder Victim-2, in violation of California Penal Code Sections 187, 188, 189, 31, 21a, and 664, in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

27. On or about January 23, 2018, in the Northern District of California, the defendants,

ALVARO REINA CORDERO, a/k/a "G-Boy," and

        OSCAR GUADRON DIAZ, a/k/a "Cutty,"

together with others known and unknown to the Grand Jury, each aided and abetted by the other, did unlawfully and knowingly carry, use, brandish, and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the Attempted Murder in Aid of Racketeering (Title 18, United States Code, Sections 1959(a)(5) and 2, as set forth above) of Victim-2, and did unlawfully and knowingly possess said firearm during and in relation to, and in furtherance of, the Attempted Murder in Aid of Racketeering of Victim-2.

     All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

<u>COUNT FOUR</u>:        (18 U.S.C. § 922(o) – Possession of a Machinegun)

    28.    On or about January 25, 2018, in the Northern District of California, the defendant,

        OSCAR GUADRON DIAZ, a/k/a "Cutty,"

did knowingly possess a machinegun, specifically one 9mm Luger caliber automatic submachinegun with an unknown manufacturer and model, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

<u>COUNT FIVE</u>:        (18 U.S.C. §§ 924(j)(1) and 2 – Use of a Firearm in Furtherance of a Crime of Violence Resulting in Death of Victim-3)

    29.    The allegations contained in paragraphs 1 through 10 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

    30.    On or about July 12, 2018, in the Northern District of California, for the purpose of maintaining and increasing position in the SFMD Norteños, an enterprise engaged in racketeering activity, the defendant,

        FERNANDO MADRIGAL, a/k/a "Nando,"

with others known and unknown, each aided and abetted by the other, did unlawfully, knowingly, and willfully, with deliberation and premeditation, and with malice aforethought, murder Victim-3, in violation of California Penal Code Sections 187, 188, 189, and 31, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

    31.    On or about July 12, 2018, in the Northern District of California, the defendant,

        FERNANDO MADRIGAL, a/k/a "Nando,"

with others known and unknown, each aided and abetted by the other, committed a violation of Title 18, United States Code, Section 924(c), that is, unlawfully and knowingly, used and carried a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the Murder in Aid of Racketeering (Title 18, United States Code, Sections 1959(a)(1) and 2, as set forth above) of Victim-3, and unlawfully and knowingly possessed a firearm in furtherance of such crime, and in the course of such violation, caused the death of Victim-3 through the use of a firearm, which killing was first degree murder as defined in Title 18, United States Code, Section 1111(a).

All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

COUNT SIX: (18 U.S.C. §§ 924(j) and 2 – Use of a Firearm in Furtherance of a Crime of Violence Resulting in Death of Victim-4)

32. The allegations contained in paragraphs 1 through 10 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

33. On or about July 8, 2019, in the Northern District of California, for the purpose of maintaining and increasing position in the SFMD Norteños, an enterprise engaged in racketeering activity, the defendant,

FERNANDO MADRIGAL, a/k/a "Nando,"

with others known and unknown, each aided and abetted by the other, did unlawfully, knowingly, and willfully, with deliberation and premeditation, and with malice aforethought, murder Victim-4, in violation of California Penal Code Sections 187, 188, 189, and 31, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

34. On or about July 8, 2019, in the Northern District of California, the defendant,

FERNANDO MADRIGAL, a/k/a "Nando,"

with others known and unknown, each aided and abetted by the other, committed a violation of Title 18, United States Code, Section 924(c), that is, unlawfully and knowingly, used and carried a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the Murder in Aid of Racketeering (Title 18, United States Code, Sections 1959(a)(1) and 2, as set forth above) of Victim-4, and unlawfully and knowingly possessed a firearm in furtherance of such crime, and in the course of such violation, caused the death of Victim-4 through the use of a firearm,

which killing was first degree murder as defined in Title 18, United States Code, Section 1111(a).

All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

### NOTICE OF SPECIAL FINDINGS

35. The allegations set forth in Counts Two, Five, and Six are hereby re-alleged and incorporated by reference as if fully set forth herein.

36. As to Count Two of this Superseding Indictment, the defendants,

ALVARO REINA CORDERO, a/k/a "G-Boy," and

OSCAR GUADRON DIAZ, a/k/a "Cutty,"

    a. were each 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

    b. intentionally killed Victim-1 (18 U.S.C. § 3591(a)(2)(A));

    c. intentionally inflicted serious bodily injury that resulted in the death of Victim-1 (18 U.S.C. § 3591(a)(2)(B));

    d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Victim-1 died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)); and

    e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Victim-1 died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)).

37. As to Count Two of this Superseding Indictment, the defendants,

ALVARO REINA CORDERO, a/k/a "G-Boy," and

OSCAR GUADRON DIAZ, a/k/a "Cutty,"

in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to Victim-1 (18 U.S.C. § 3592(c)(5)) and intentionally killed or attempted to kill more than one person in a single criminal episode, specifically Victim-1 and Victim-2 (18 U.S.C. §§ 3592(c)(16)).

38. As to Count Five of this Superseding Indictment, the defendant,

        FERNANDO MADRIGAL, a/k/a "Nando,"

    a.    was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

    b.    intentionally killed Victim-3 (18 U.S.C. § 3591(a)(2)(A));

    c.    intentionally inflicted serious bodily injury that resulted in the death of Victim-3 (18 U.S.C. § 3591(a)(2)(B));

    d.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Victim-3 died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)); and

    e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Victim-3 died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)).

39.    As to Count Six of this Superseding Indictment, the defendant,

        FERNANDO MADRIGAL, a/k/a "Nando,"

    a.    was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

    b.    intentionally killed Victim-4 (18 U.S.C. § 3591(a)(2)(A));

    c.    intentionally inflicted serious bodily injury that resulted in the death of Victim-4 (18 U.S.C. § 3591(a)(2)(B));

    d.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Victim-4 died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)); and

    e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Victim-4 died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)).

40.    As to Count Six of this Superseding Indictment, the defendant,

       FERNANDO MADRIGAL, a/k/a "Nando,"

in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to Victim-4 (18 U.S.C. § 3592(c)(5)).

<u>FORFEITURE ALLEGATION:</u> (18 U.S.C. §§ 924(d)(1), 1963 and 28 U.S.C. § 2461(c)(e)

  41. The allegations contained in paragraphs 1 through 40 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 924(d)(1) and 1963, and Title 28, United States Code, Section 2461(c).

  42. Upon a conviction of the offense alleged in Count One of this Superseding Indictment, the defendants,

       FERNANDO MADRIGAL, a/k/a "Nando,"
       ALVARO REINA CORDERO, a/k/a "G-Boy," and
       OSCAR GUADRON DIAZ, a/k/a "Cutty,"

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1963(a), (1) any interest he has acquired or maintained in violation of Section 1962 of Title 18 of the United States Code; (2) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which he has established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962 of Title 18 of the United States Code; and (3) any property constituting or derived from any proceeds which he obtained directly or indirectly from racketeering activity, in violation of Title 18, United States Code, Section 1962, including, but not limited to, the following property:

  a. One Glock 33 pistol, bearing serial number BDHX732 on the slide, seized on or about August 14, 2020, during the search and arrest of defendant FERNANDO MADRIGAL, a/k/a "Nando";

  b. One Glock 30 pistol, bearing serial number RLP623, seized on or about August 14, 2020, during the search and arrest of defendant FERNANDO MADRIGAL, a/k/a "Nando";

  c. One rifle upper receiver, seized on or about August 14, 2020, during the search and arrest of defendant FERNDANDO MADRIGAL, a/k/a "Nando";

    d. All ammunition and magazines seized on or about August 14, 2020, during the search and arrest of defendant FERNANDO MADRIGAL, a/k/a "Nando," including, but not limited to, an extended magazine seized in the Glock 33 pistol described above, an extended magazine seized in the Glock 30 pistol described above, approximately two .45 caliber cartridges, twenty 9 mm caliber cartridges, six .40 caliber cartridges, one .357 caliber cartridge, approximately four pistol magazines, and one extended thirty-three round magazine;

    e. Approximately $6,870 in United States currency seized on or about August 14, 2020, during the search and arrest of defendant FERNANDO MADRIGAL, a/k/a "Nando";

    f. One 9 mm Luger caliber automatic submachinegun with an unknown manufacturer and model, seized on or about January 25, 2018, during the search of the residence of defendant OSCAR GUADRON DIAZ, a/k/a "Cutty"; and

    g. All ammunition and magazines seized on or about January 25, 2018, during the search of the residence of defendant OSCAR GUADRON DIAZ, a/k/a "Cutty," including, but not limited to, five boxes of 7.62 mm caliber ammunition containing approximately fifty cartridges in each box, approximately eight .40 caliber Hornady cartridges, approximately one .40 caliber Winchester cartridge, and other assorted 7.62 mm caliber, .38 caliber, and .32 caliber ammunition.

  43. Upon a conviction of the offenses alleged in Counts Two, Three, Five, and Six of this Superseding Indictment, the defendants,

    FERNANDO MADRIGAL, a/k/a "Nando,"
    ALVARO REINA CORDERO, a/k/a "G-Boy," and
    OSCAR GUADRON DIAZ, a/k/a "Cutty,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 924(c).

  44. Upon a conviction of the offense alleged in Count Four of this Superseding Indictment, the defendant,

    OSCAR GUADRON DIAZ, a/k/a "Cutty,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearm involved in the commission of said offense, including, but not limited to the following property:

    a.    One 9 mm Luger caliber automatic submachinegun with an unknown manufacturer and model, seized on or about January 25, 2018.

45. If any of the property described above, as a result of any act or omission of the defendants:

    a.    Cannot be located upon the exercise of due diligence;
    b.    Has been transferred or sold to, or deposited with, a third party;
    c.    Has been placed beyond the jurisdiction of the court;
    d.    Has been substantially diminished in value; or
    e.    Has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 1963(m) and 2253(b) and by Title 28, United States Code, Section 2461(c).

DATED: December 3, 2020                    A TRUE BILL.

/s/ _____
FOREPERSON

DAVID L. ANDERSON
United States Attorney

/s/ Patrick O'Brien
PATRICK K. O'BRIEN
KAREN KREUZKAMP
Assistant United States Attorneys